**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **MAURICE MERVON YORK,** | § | |
| | § | |
| **V.** | § | **A-13-CA-100-LY** |
| | § | |
| | § | |
| **WILLIAM STEPHENS, Director,** | § | |
| **Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions Division**[1] | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 11); and Petitioner's response thereto (Document 13).  Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned recommends that the application be denied.

**STATEMENT OF THE CASE**

**A.    Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 299th Judicial District Court of Travis County, Texas, in cause

---

[1]The previous named respondent in this action was Rick Thaler.  On June 1, 2013, William Stephens succeeded Thaler as Director of the Texas Department of Criminal Justice, Correctional Institutions Division.  Under Rule 25(d) of the Federal Rules of Civil Procedure, Stephens is automatically substituted as a party.

number D-1-DC-08-302984.  Petitioner was convicted of aggravated robbery with a deadly weapon and sentenced to fifty years incarceration.  On January 8, 2009, Petitioner was indicted by a grand jury for aggravated robbery with a deadly weapon alleged to have been committed on or about December 15, 2008.  The indictment specifically alleged Petitioner "while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally or knowingly threaten or place [the victim] in fear of imminent bodily injury or death, and the said Maurice Mervon York did then and there use or exhibit a deadly weapon, to wit: a BB gun, which in the manner of its use or intended use was capable of causing death or serious bodily injury."  Pursuant to a plea agreement, Petitioner pleaded guilty to the charged offense and was sentenced to a term of deferred adjudication for five years on December 1, 2009.  On January 28, 2010, the State moved to proceed with an adjudication of guilt and alleged Petitioner had committed another aggravated robbery with a deadly weapon.  On March 2, 2010, the trial court adjudicated Petitioner's guilt and sentenced Petitioner to fifty years incarceration.

Petitioner filed a notice of appeal after the adjudication of his guilt.  Petitioner's appeal was dismissed by the Third Court of Appeals on December 23, 2011, for want of jurisdiction.  York v. State, No. 03-10-00186-CR, 2010 WL 6756970 (Tex. App. – Austin 2010, no pet.).  Petitioner did not file a petition for discretionary review.

Petitioner also challenged his conviction in a state application for habeas corpus relief, filed-marked on September 19, 2012.  The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing on December 19, 2012.  Ex parte York, Appl. No. 78,745-01 at cover.

**B.      Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.      The trial court abused its discretion by entering a deadly weapon finding when it was only proven that Petitioner used a toy gun;

2.      His sentence was illegal because he did not use a deadly weapon, and thus should have been sentenced for simple robbery;

3.      Trial counsel performed ineffectively by recommending that Petitioner plead guilty to aggravated robbery when Petitioner only committed simple robbery; and

4.      His right to due process was violated when he was convicted of a crime for which he is actually innocent.

**D.      Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application.  A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings. Respondent does, however, argue Petitioner's application is time-barred.

<u>DISCUSSION AND ANALYSIS</u>

**A.      Statute of Limitations**

Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  <u>See</u> 28 U.S.C. § 2244(d).  That section provides, in relevant part:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's order probating his original sentence became final, at the latest, on or about December 31, 2009. See TEX. R. APP. P. 26.2(a); United States v. Vasquez, 298 F.3d 354, 359 (5th Cir. 2002) (finding a deferred- adjudication probation and revocation of that probation becomes final for federal sentencing enhancement purposes when time for filing notice of appeal passes or if appealed, when appeal is affirmed and no further review is possible). Petitioner executed his federal application on January 16, 2013, more than three years after his order probating his sentence became final. See Tharpe v. Thaler, 628 F.3d 719 (5th Cir. 2010) (holding a deferred-adjudication order and a judgment of conviction and sentence are two separate and distinct judgments). Petitioner's state application for habeas corpus relief did not toll the limitations period, because it was filed in 2012 after the limitations period had already expired. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Petitioner attempts to argue his claims are really challenges to his judgment of conviction when the deadly weapon finding was made. If that were the case, Petitioner's application would not be time-barred.

Petitioner made similar arguments in his direct appeal when he argued:

4

1.      The trial court erred by denying his motion for new trial because he was
        "actually innocent" of aggravated robbery;

2.      The trial court erred by denying his motion for new trial because the court
        imposed a sentence that was contrary to law; and

3.      The trial court erred by finding that York used a deadly weapon in robbing
        his victim.

The state appellate court pointed out Petitioner based all of his arguments on the assertion that the "weapon" he used while robbing his victim was actually a harmless toy pistol. York v. State, No. 03-10-00186-CR, 2010 WL 6756970 at, *1-2 (Tex. App. – Austin 2010, no pet.). Petitioner claimed when he pleaded guilty to aggravated robbery he did not understand the significance of the fact that his "weapon" was a harmless toy. The appellate court dismissed Petitioner's appeal and held it lacked jurisdiction. The court explained all of Petitioner's claims related to the validity of his original guilty plea, as they all turned on Petitioner's claim that he did not actually commit "aggravated" robbery because he displayed a non-deadly weapon. As such, the court held the claims had to be raised in a direct appeal within thirty days of when Petitioner received deferred-adjudication community supervision.

Similar to the claims Petitioner raised on appeal, the claims Petitioner now makes are challenges to his guilty plea and deferred-adjudication community supervision. Phrasing his claims as a challenge to the deadly weapon finding does not render his claims timely.

Petitioner may be contending the untimeliness of his application should be excused, because he is actually innocent. In McQuiggin v. Perkins, 133 S. Ct. 1924 (2013), the Supreme Court recently held a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in Schlup

5

v. Delo, 513 U.S. 298, 329 (1995).  A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. See Schlup, 513 U.S. at 326–27 (1995); see also House v. Bell, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under Schlup). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency.  Bousely v. United States, 523 U.S. 614, 623–624 (1998).

In this case, Petitioner has not shown he was actually innocent of the crime to which he previously pleaded guilty.  As found by the state habeas court:

> The complainant thought the weapon used was a real one, and there was no proof that the BB gun found in his apartment was the actual gun used in the robbery.  Applicant was offered a sweet deal for his plea, so there was no reason to litigate whether the gun found was the one used, and whether it was a deadly weapon.  If applicant had not committed another robbery, he would not have gotten such a stiff sentence.

Ex parte York, No. 78,745-01 at 39.  Because Petitioner has not proved the toy gun was the gun used in the robbery, he has not demonstrated his actual innocence.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period.  Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier.  Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

**RECOMMENDATION**

It is recommended that Petitioner's application be dismissed with prejudice.

**CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003)

7

(citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 23 day of May, 2014.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE